UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

310 U.S. COURTHOUSE
517 E. WISCONSIN AVENUE
MILWAUKEE, WISCONSIN 53202

Chambers of
Rudolph T. Randa
U.S. District Judge

TEL: 414-297-3071
FAX: 414-297-3069

December 20, 2011

Ms. Andrea R. Wood
Mr. James A. Davidson
United States Securities and Exchange Commission
175 West Jackson Boulevard - 9th Floor
Chicago, Illinois 60604

    Re: United States Securities and Exchange Commission v. Koss Corporation, et al.
      Case No. 11-C-991

Dear Counsel:

  This matter is before the Court on the motion for entry of final judgments against Defendants Koss Corporation (the "Company") and Michael J. Koss ("MJK") that was filed by the Plaintiff United States Securities and Exchange Commission ("SEC") on the same day that it filed this action. The Complaint alleges that the Company prepared materially inaccurate financial statements, books and records, and lacked adequate financial controls from the fiscal years 2005 through 2009. It also alleges that MJK, failed in his roles as the Company's Chief Executive Officer and Chief Financial Officer in overseeing the accounting and financial functions of the Company.

  The SEC relies upon the separate consent documents of the Company and MJK, and has filed proposed final judgments as to each defendant. By this letter, the Court requests that the SEC address concerns raised by the proposed final judgments.

  The Court requests that the SEC provide a written factual predicate for why it believes the Court should find that the proposed final judgments are fair, reasonable, adequate, and in the public interest. *See S.E.C. v. Citigroup Global Mkt.,* No. 11 Civ. 7387 (JSR) ___ F.Supp. ___, 2011 WL 5903733, at *2-*3 (S.D.N.Y. Nov. 28, 2011).

In particular, the Court is concerned regarding the adequacy of two parts of the injunctive relief in the proposed final judgments to prevent future violations of the federal securities laws as alleged in the Complaint, and for enforcement of their terms through the Court's contempt powers or otherwise. The consent document of each Defendant states that neither will oppose the enforcement of the judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure. (Mot. Entry of Final J., Ex A. ¶ 7; Ex. B ¶ 8.)

However, a court has an independent duty, *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 647 (7th Cir. 2002), to assure that injunctions it issues comply with the directive of Fed. R. Civ. P. 65(d) that every order granting an injunction "must . . . state its terms specifically; and . . .describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required." *See, e.g., Schmidt v. Lessard*, 414 U.S. 473, 476-77 (1974); *International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 73-76 (1967). Similar concerns regarding the vagueness of proposed injunctive relief were raised in *S.E.C. v. Bank of Am. Corp.*, 653 F.Supp. 2d 507, 511 (S.D.N.Y. 2009).

The proposed final judgment for the Company has three parts setting forth injunctive relief. The proposed final judgment for MJK has four parts setting forth injunctive relief. The second part of those proposed final judgments enjoin violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act by failing to, or providing substantial assistance to an issuer in failing to:

> (a) to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer;
>
> (b) to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:
>
>> (i) transactions are executed in accordance with management's general or specific authorization;
>>
>> (ii) transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets;

and

>(iii) access to assets is permitted only in accordance with management's general or specific authorization;
>
>(iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

(Mot. Entry of Final J., Ex. C pt. II; Ex. D pt. II.)

The second part of the injunctions contains no time frame for any of the foregoing changes, lacks any mechanism for implementing the changes, neither states nor provides a standard for determining a reasonable interval when recorded accountability for assets is to be compared with existing assets, and lacks any provision regarding reporting, oversight, and/or auditing of the agreed changes. Without greater detail, the second part of the injunctions lacks provisions for implementation by the Company and/or MJK and others bound by the injunctions. If enforcement became necessary, the terms of such a vague injunction would make it difficult for the Court.

In addition, each proposed final judgment includes a part that states: "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein." (Mot. Entry of Final J., Ex. C 3 pt. III; Ex. D 4 pt. VI .) To the extent the consent documents may be interpreted as containing injunctive relief, those injunctions are also vague and could pose enforcement issues in the future. Any additional injunctive relief must be expressly stated in the final judgments. *See Blue Cross and Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636-37 (7th Cir. 2006).

The Court also requests that the SEC provide a written factual predicate addressing the adequacy of the SEC's proposed final judgment provision regarding disgorgement by MJK. *See* 15 U.S.C. § 7243(a). MJK's consent document states that MJK will be required to reimburse the Company for $242,419 in cash and 160,000 of options, and that bonus reimbursement, together with his previous voluntary reimbursement of bonus amounting to $208,895 represents MJK's entire fiscal year 2008, 2009, and 2010, incentive bonuses. (Mot. Entry of Final J., Ex. D pt. IV.) While recognizing that MJK and his members of his family own, directly or indirectly, in excess of 70% of the Company's shares, without any factual predicate for how those disgorgement terms were determined and what more, if anything, could have been subject to disgorgement, the Court cannot assess their fairness and the extent to which they serve the purpose of disgorgement which is to deprive the violator of unjust enrichment and thereby further the deterrence objectives of the securities laws. *See S.E.C. v. Bear, Sterns & Co.*, 626 F.Supp. 2d 402, 406-07 (S.D.N.Y. 2009).

Furthermore, in a related action, *United States Securities and Exchange Commission v. Sachdeva et al*, No. 10-747 (E.D. Wis. Jan. 11, 2011), this Court approved a consent judgment as to Defendant Sujata Sachdeva, although raising the question of whether it was a final judgment. The Court is again concerned that the proposed judgments are not final judgments because they do not expressly state the disposition of the claims against the parties; e.g., dismissal without prejudice, while including a provision for the retention of jurisdiction over the enforcement of the terms of the settlement agreement. With respect to the retention of the Court's jurisdiction, the SEC's attention is directed to *Shapo v. Engle*, 463 F.3d 641, 642-46 (7th Cir. 2006) and *Blue Cross and Blue Shield Ass'n*, 467 F.3d at 636-39.

The Court requests that the SEC respond to the foregoing concerns no later than January 24, 2012.

Sincerely,

*/s/ Rudolph T. Randa*

Hon. Rudolph T. Randa
U.S. District Judge